UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-1182-B |
| | § | |
| THOMAS C. BARRON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff United States of America's Motion for Summary Judgment (doc. 24). For the reasons stated below, the motion is **GRANTED**.

### I.

### BACKGROUND

This is a student loan collection case. On October 11, 1987, Defendant Thomas C. Barron executed a promissory note in order to secure a Federal Family Education Loan Program Consolidation loan in the amount of $26,185.10 at 9.00% interest per annum from Sallie Mae Student Loan Marketing Association ("Sallie Mae"). Pl. App. 3, 5-6. The loan was guaranteed by the Higher Education Assistance Foundation ("HEAF"). Pl. App. 3. Barron defaulted on the loan and on December 14, 1990, HEAF paid the default claim of $29,374.58 to Sallie Mae and took assignment of the loan. Pl. App. 3, 10. HEAF was unable to collect the amount due from Barron and assigned the right and title to the loan to the United States Department of Education pursuant to Title IV-B of the Higher Education Act of 1965, 20 U.S.C. §§ 1071, *et. seq*. Pl. App. 3; Pl. Memo. 2. The United States Department of Education remains the holder of the note and, as of December

20, 2012, Barron is indebted to the United States in the amount of $86,365.35, which consists of $29,374.58 in principal (based on the default claim) and $56,990.77 in interest. Pl. App. 3. Interest continues to accrue at the rate of 9% per annum, or $7.24 per day. *Id.*

The government filed the present motion for summary judgment (doc. 24) on March 20, 2013 in this suit on a promissory note. Barron filed a response (doc. 27), and the government replied (doc. 28), making the motion ripe for decision. The Court has jurisdiction pursuant to 28 U.S.C. § 1345 because the United States brings this action as the plaintiff.

## II.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings and record evidence show no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts preclude a grant of summary judgment, and "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant bears the burden of proving no genuine issue of material fact exists. *Latimer v. SmithKline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). To meet this burden, the movant must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325). This burden is not satisfied with "some metaphysical doubt as to material facts." *Id.* (internal citations omitted). Instead,

the non-moving party must "come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quotation omitted). The non-moving party must show that the evidence is sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant. *Cooper Tire & Rubber v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). The Court will not make credibility determinations, weigh the evidence, or draw inferences, but will instead confine its inquiry to material facts under the governing legal standard. *Anderson*, 477 U.S. at 255.

### III.

### ANALYSIS

The government moves for summary judgment in this suit on a promissory note, stating there is no material fact in dispute. The government argues that its summary judgment evidence establishes the necessary elements to prevail, namely that (1) Barron executed the note, (2) the United States is the current owner or holder of the note, and (3) the note is in default. Pl. Memo. 3; *see United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). In support, the government attaches a declaration from a loan analyst at the United States Department of Education, Delfin M. Reyes, and the loan documents relevant to Barron's student loan. Pl. App. 1-12. For his part, Barron's two-page response argues only that Plaintiff has failed to attach any summary judgment evidence to its motion for summary judgment, and as such, summary judgment must be denied. Def. Resp. 1-2 (Doc. 27). Barron does not object to the admissibility of the government's evidence, but instead states "[t]he motion does not attach any affidavit or declaration, the note itself, any evidence of default, or

identify where the complaint and/or answer establishes facts necessary to entitle it to summary judgment." Def. Resp. 1. The government replies that "Defendant–an attorney representing himself–filed a response that wholly ignores the evidence submitted in support of the United States' motion for summary judgment." Pl. Reply 1. Thus, the government argues Barron has failed to raise any dispute as to a material fact and it is entitled to summary judgment. The Court agrees with the government.

To recover on a promissory note, the government must show that (1) the defendant executed the note, (2) the government is the present owner or holder of the note, and (3) the note is in default. *Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). As for the first and third elements, in his answer Barron admitted "the allegations in paragraphs 1-4 of the Complaint." Def. Orig. Ans. 1. These admitted paragraphs include that Barron executed a promissory note on or about October 11, 1987 to secure a Federal Family Education Loan Program Consolidation loan from Sallie Mae in the amount fo $26,186.00 and that Barron defaulted on the loan on December 13, 1990. Comp. 1. Barron fails to offer any evidence or argument controverting his admission. Further, the government provides the signed Application/Promissory Note, Pl. App. 5-6, and the Notice of Default from HEAF, Pl. App. 10. Thus, by Barron's own admission and the evidence submitted, the government has satisfied its summary judgment burden as to the first and third elements of its promissory note claim, namely Barron's execution of the note and his default.

As for the second element, that the government is the holder of the note, the government provides evidence that Barron executed the note in favor of Sallie Mae. Pl. App. 3-8. When Barron defaulted, HEAF paid the default claim of $29,374.58 to Sallie Mae and HEAF took assignment of the note. Pl. App. 10. When HEAF was unable to collect the amount due from Barron, the loan was

assigned to the United States Department of Education on December 25, 1993. Pl. App. 3. After unsuccessfully attempting to collect the full amount, the Department of Education referred the debt to the United States Department of Justice, *id.*, who initiated the present lawsuit to collect the amount due. Thus, according to the government's summary judgment evidence, the government has been the holder of the note since 1993. *See id.* Barron fails to acknowledge any of the government's evidence and offers no evidence or argument in opposition. Based on the government's summary judgment evidence, the Court determines it has met its summary judgment burden to demonstrate there is no dispute of material fact that the government is the current holder of the note.

As for the amount of the debt, the government submits competent summary judgment evidence that "[a]s of 12/20/12, Barron owes a total of $86,365.35, consisting of $29,374.58 principal and $56,990.77 in interest. Interest continues to accrue at the rate of 9%, or $7.24 per day."[1] Pl. App. 3. Barron fails to dispute this amount in his response to the government's motion for summary judgment. Based on the government's evidence, and Defendant's lack of opposition, the Court determines there is no dispute of fact as to the amount due. By the Court's calculation, between December 20, 2012 and the date of this order, July 19, 2013, there have been 211 days in which interest has continued to accrue, which, when multiplied by $7.24 per day, equals $1,527.64 in additional interest. Thus, the total debt Barron owes as of the date of this Order is $87,892.99.

Based on the foregoing analysis, the Court determines that the government has met its summary judgment burden to demonstrate that no genuine issue of material fact exists in this case.

---

[1] The Court notes that the original principal amount was $26,185.10 and that the principal amount increased to $29,374.58 in December 1990 when HEAF paid the default claim and took assignment of Barron's loan. Pl. App. 3.

*See Latimer*, 919 F.2d at 303. Because the government has met its burden, the burden shifts to Barron to demonstrate why summary judgment is not proper. Here, Barron has failed to "come forward with specific facts showing that there is a *genuine issue for trial*." *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quotations omitted). The government has demonstrated an entitlement to summary judgment as a matter of law, and Barron has failed to allege any affirmative defense. As such, the government's Motion for Summary Judgment (doc. 24) is **GRANTED**.

## IV.

## CONCLUSION

For the foregoing reasons, summary judgment is **GRANTED** to Plaintiff United States of America. The Court will issue a Final Judgment in a separate order.

**SO ORDERED.**

**SIGNED: July 19, 2013.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE